FABIO MATAZZO, PROSECUTOR, v. BOARD OF COMMIS-
SIONERS OF THE CITY OF CAMDEN, NEW JERSEY,
AND EUGENE F. VERGA, DEFENDANTS.

Argued October 7, 1930—Decided October 20, 1930.

Before Justices CAMPBELL and BODINE.

For the prosecutor, *Robert J. Tait Paul* and *Adolph Stern.*

For the board of commissioners, *Harold W. Bennett.*

*Eugene F. Verga, pro se.*

PER CURIAM.

The case comes before us upon an agreed state of facts.
The prosecutor, Fabio Matazzo, is a contractor in the city of
Camden, New Jersey. Prior to August 13th, 1930, the city
advertised for proposals for three classes of paving. Mr.
Matazzo presented his bids at the time and place called for in
the advertisements, and was the low bidder. He was required
to furnish with each bid a certified check for substantially
ten per cent. of the amount thereof. One of his bids was for
the sum of $37,952. Another was for the sum of $3,960. A
certified check for $3,800 was clipped under the bid for
$3,960 and a certified check for $400 was clipped under the
bid for $37,952. The bids were all opened at the same time
and the mistake was immediately noticed and rectified.

The city commission found that there was not strict conformance with the advertisement for proposals, and awarded the contracts to the next highest bidder.

We think there was substantial compliance with the conditions imposed by the municipality. *Hornung* v. *West New York*, 82 *N. J. L.* 266. Matazzo had made a mere clerical mistake. The proper checks for all the bids were submitted in time. The only thing short of complete performance was the circumstance that the certified checks were sealed in the wrong envelopes. The clerical mistake was apparent as soon as the bids were opened. The city was in just as advantageous position to enforce compliance with the bids as though the certified checks had been sealed in their proper envelopes. The vouchers clearly demonstrated the contracts to which the checks were allotted.

Counsel agreed that we should consider the case as though the writ had issued, and the result is that the resolution awarding the contract to the next highest bidder, and all proceedings thereunder taken, will be set aside.